UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

SCOTT BIERCE,

                      Plaintiff,                   **DECISION AND ORDER**

      -against-                                 20-cv-320 (AEK)

JAMES SCHEPPERLY, *et al.*,

                      Defendants.
---------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

        The Court has reviewed Defendants' letter motion regarding Plaintiff's failure to produce certain required damages discovery, ECF No. 63, along with Plaintiff's response, ECF No. 65. Defendants report that Plaintiff has not provided authorizations for his employment and/or union records, in violation of the Court's April 22, 2022 order. *See* ECF No. 63 at 1. Plaintiff does not dispute that he has not provided the authorizations. Accordingly, Defendants now request an order precluding Plaintiff from seeking compensatory damages at trial for any alleged pecuniary loss as a discovery sanction under Rule 37(c) of the Federal Rules of Civil Procedure. *Id.* Plaintiff asserts that he "understood that production [of the employer and/or union authorizations] was in the alternative to the production of income tax records, both with the same purpose: to understand [Plaintiff's] income since the end of his employment in Fishkill." ECF No. 65 at 2.

        During a status conference on April 21, 2022, the Court granted Defendants' motion to reopen discovery as to damages. The discovery issue was first raised with the Court in the parties' joint letter submission of April 19, 2022, which stated, among other things, that the "limited discovery" sought by Defendants "would include subpoenas to Plaintiff's current employer and/or union for wage and attendance information and a limited deposition of Plaintiff

concerning same." ECF No. 59.  Plaintiff raised no objection at the April 21, 2022 conference to the supplemental discovery requested by Defendants, so long as the discovery was limited in scope to what was specified in ECF No. 59.  When the discovery application was addressed at the conference, it was abundantly clear that the scope of additional discovery would include both tax returns and authorizations for records from Plaintiff's current employer and/or union; indeed, Plaintiff's counsel specifically agreed at the conference to provide the employer/union authorizations.  There was no suggestion by the Court or by any party at the April 21 conference that the production of Plaintiff's tax records would obviate the need for authorizations from Plaintiff's current employer and/or union, or vice versa.  In sum, since this issue was first brought to the Court's attention it has always been clear—and it should never have been a surprise—that Defendants were seeking *both* Plaintiff's tax returns for certain years *and* Plaintiff's employment records in order to assess the scope of Plaintiff's potential claims for damages.[1]

Moreover, on April 22, 2022, the Court issued an order memorializing various aspects of the April 21, 2022 conference, including the schedule for trial and pretrial submissions, as well as the next steps for the supplemental damages discovery.  *See* ECF No. 60.  In that order, the Court directed Plaintiff "to produce his tax returns for 2018 through 2022, *and authorizations for his employment and/or union records*, by April 29, 2022." *Id.* at 1-2 (emphasis added).  Until

---

[1] In his July 15, 2022 letter, Plaintiff's lead counsel states that he was "on trial at the April 2022 conference at which the Court allowed defendants to obtain authorization for [Plaintiff's] current employer." ECF No. 65 at 2.  To be clear, no application was made to adjourn the April 21 conference due to Mr. Sussman's trial schedule, and critically, Plaintiff was capably represented by counsel from Mr. Sussman's firm at the April 22, 2022 conference.  The fact that Mr. Sussman himself was not personally in attendance is no excuse for Plaintiff's non-compliance with discovery obligations to which Plaintiff (through counsel) agreed, and which were then formally ordered by the Court.

Plaintiff's July 15, 2022 letter to the Court—nearly three months after Plaintiff agreed to provide these authorizations, and the Court ordered Plaintiff to do so—Plaintiff raised no objection with the Court.[2]  Plaintiff's objection—which appears to be based on relevance—is untimely, especially because Defendants and the Court have, for months, been operating under the understanding that Plaintiff had agreed to provide the authorizations.  Accordingly, Plaintiff's late objection is overruled.  Plaintiff's failure to provide the required authorizations places him squarely in violation of the Court's April 22, 2022 order.

Nevertheless, the "harsh" remedy of preclusion requested by Defendants is not appropriate, particularly since courts in this Circuit recognize that preclusion "should be imposed only in rare situations."  *See, e.g.*, *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988); *Cates v. Trs. of Columbia Univ. in City of N.Y.*, 330 F.R.D. 369, 373 (S.D.N.Y. 2019).  Instead, Defendants will have another opportunity to obtain the employer and/or union records that they have been seeking since at least April 2022.

Plaintiff is hereby ordered to provide the required authorizations by no later than July 25, 2022.  If Plaintiff again fails to provide these authorizations, then an order precluding Plaintiff from seeking compensatory damages for any alleged pecuniary loss may be appropriate, and such relief will be reconsidered by the Court.

---

[2] Plaintiff's attempt to recast this dispute as some sort of failure on the part of Defendants is unavailing.  In his July 15, 2022 letter, Plaintiff maintains that "[D]efendants never timely raised any issue" about damages discovery "during the lengthy discovery process" and "never raised any substantive issue with regard to [P]laintiff's compliance with discovery obligations."  ECF No. 65 at 1, 2.  These arguments, which focus on the earlier discovery phase of the litigation, miss the point—Plaintiff *agreed* to provide this supplemental discovery, and the Court reinforced this agreement in an order.  Plaintiff has not adhered to his own commitments and has failed to follow the Court's directive.

Unfortunately, the three-month delay occasioned by Plaintiff's failure to comply with the April 22, 2022 order may require the postponement of the September 12, 2022 trial date until sometime in November or December 2022.  Whether it will be possible to keep the September trial date will depend on how quickly Defendants can obtain the employment/union records they are seeking, and how quickly after that a follow-up deposition of the Plaintiff can be scheduled.

\* \* \* \* \*

For the reasons set forth above, Defendants' letter motion to preclude is DENIED.  The parties are directed to meet and confer regarding the time necessary to complete the remaining damages discovery and whether Defendants will seek to adjourn the September trial date.  The parties are further directed to submit a joint letter by July 29, 2022 to inform the Court of how they wish to proceed with respect to the trial schedule.

The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 63.

Dated:   July 20, 2022
        White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge